## McGovern *v.* Cosmopolitan Savings & Loan Association, Appellant.

*Building and loan associations—Withdrawing stockholder—Right to sue—Judgment—Stay of execution—Acts of April 12, 1859, sec. 2, P. L. 544, and April 29, 1874, clas. 2, sec. 37, P. L. 73.*

A withdrawing stockholder of a building and loan association whose notice has been filed, but not otherwise acted upon by the association, and whose turn has not been reached for payment in the regular order of application for the same, has the right to sue the association and obtain judgment for the undisputed amount of his claim, subject to the power of the court to restrain execution until his turn should be reached. United States Building & Loan Assn. v. Silverman, 85 Pa. 394, and Lepore v. Twin Cities National B. & L. Assn., 5 Pa. Superior Ct. 276, followed.

Argued April 13, 1910. Appeal, No. 15, April T., 1910, by defendant, from order of C. P. No. 4, Allegheny County, First T., 1909, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Louisa McGovern v. Cosmopolitan Savings & Loan Assn. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit by a withdrawing stockholder of a building and loan association. Before COHEN, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*T. S. Brown,* of *Brown & Stewart,* for appellant.—The rule in the Silverman case was abrogated, as to all building and loan associations incorporated under the act of 1874, by the Act of assembly of April 10, 1879, P. L. 16, 1 Purd. Dig. (13th ed.), 551, par. 15.

*Sidney J. Watts,* for appellee.

OPINION BY RICE, P. J., October 10, 1910:

The question involved in this case is whether the plaintiff, a withdrawing stockholder whose notice had been filed but not otherwise acted upon by the association and whose turn had not been reached for payment in the regular order of application for the same, had the right to sue the association and obtain judgment for the undisputed amount of his claim, subject to the power of the court to restrain execution until his turn should be reached. Section 2 of the Act of April 12, 1859, P. L. 544, relative to building and loan associations, provided that any stockholder wishing to withdraw could do so by giving thirty days' notice of his intention, when he should be entitled to receive the amount paid in by him

and such proportion of the profits as the by-laws may determine, less all fines and other charges. But the section contained a proviso that at no time should more than one-half of the funds in the treasury of the corporation be applicable to the demands of withdrawing stockholders, without the consent of the board of directors. Clause 2 of sec. 37 of the corporation Act of April 29, 1874, P. L. 73, contains a literal copy of the clause and proviso of the act of 1859, above referred to, except that it makes no mention of the right of the withdrawing stockholder to a part of the profits, but provides that after the expiration of one year after the issuing of the series he should be entitled to legal interest on the amount paid in by him. This difference between the two acts does not affect the question before us and need not be alluded to further. In an action brought in 1876 by a withdrawing stockholder of a building and loan association incorporated under the act of 1859, it was averred as a defense that one-half of the money in the treasury had been applied and paid to withdrawing stockholders in the order in which they gave notice and plaintiff had not been reached; and it appears to have been argued there, as it is here, that the action, if an action at law was maintainable at all, was prematurely brought. Upon writ of error to the judgment in plaintiff's favor for the full amount of his claim the Supreme Court fully considered the clause of the act of 1859 above referred to, and particularly the proviso, and held that after thirty days' notice the membership of the stockholder is determined and he becomes a creditor of the corporation to the amount he has paid, less fines and charges, and may, upon the refusal of the company to pay him, sue it and recover judgment. The interpretation of the proviso that would postpone his right to sue and recover judgment until one-half the money in the treasury should be sufficient to meet his claim and those of withdrawing stockholders who had previously given notice, was rejected. We quote the language of the court's opinion

upon this subject. "It is a fact now alleged that this company has no money to apply to the claim in suit. When will it have? in one, six or ten years, or ever? And will the statute of limitations be suspended in the meantime? To these questions the defendant but answers: the proviso interposes to prevent the plaintiff from all compulsory process, though his claim is recognized, in the body of the statute, as just and proper, as long as the corporation manages to maintain an empty treasury, or, what is the same thing, as long as prior drafts leave no money to be applied to his debt. Looking at the statute as a whole, we are not prepared to adopt an interpretation so contrary to its spirit and the plain dictates of justice. Whilst it is certainly intended that the operations of the corporation shall not be embarrassed by having the whole amount of its cash assets taken, in order at once to pay withdrawing stockholders, yet it as certainly does not intend that no provision shall be made for their payment, and that they may be indefinitely postponed, even from judgment, by a plea of quasi insolvency. We think the design of the act can be better met by giving the plaintiff judgment, and then, should it seem equitable to the court below, it may restrain execution, in order that the defendant may have a reasonable time within which to raise the money for the payment of such judgment, so that there may be no undue derangement of its affairs:" U. S. Building & Loan Assn. v. Silverman, 85 Pa. 394. The doctrine of that case was followed by the Superior Court in Lepore v. Twin Cities National Building & Loan Assn., 5 Pa. Superior Ct. 276, decided in 1897, and, unless the latter decision be overruled, the judgment entered in the present case must be affirmed. The proposition for which these cases stand is, that a withdrawing stockholder may sue and recover judgment for the undisputed amount of his claim, subject to the power of the court to control execution thereon so as to carry into effect the proviso that at no time shall more than one-half of the funds in the treasury be appli-

cable to the demands of withdrawing stockholders, without the consent of the board of directors. It is argued that, whether this was or was not a correct view of the law prior to the Act of April 10, 1879, P. L. 16, it is not so now, and that the purpose and effect of sec. 2 of that act were to set aside the ruling in the Silverman case and postpone the right to sue until the funds applicable to the demands of withdrawing stockholders are sufficient to meet the plaintiff's claim in the order in which it was made. In view of this argument it will be well to quote the entire section in this immediate connection, and we remark that the by-law of the defendant association does not lay down a different rule. The section reads: "Stockholders withdrawing voluntarily, shall receive such proportion of the profits of the association, or such rate of interest as may be prescribed by the by-laws, any law or usage to the contrary notwithstanding, but payment of the value of stock so withdrawn, shall only be due when the funds now by law applicable to the demand of withdrawing stockholders are sufficient to meet and liquidate the same, and then only in the order of the respective times of presentation of the notices of such withdrawal, which must have been presented in writing at a previous stated meeting, and have then and there been indorsed as to times of presentation, by the officer designated by the by-laws of the association." It is to be borne in mind that this section does not stand alone, but is one of ten sections which constitute a partial revision of the law. It does not declare that the right to sue shall be postponed, but only that payment shall not be due, etc. Virtually, this was what had been decided in the Silverman case; the withdrawing stockholder might sue and have the amount of his claim liquidated by judgment, but, if by reason of there being insufficient funds to satisfy his claim as well as those of stockholders who had previously given notice of withdrawal, the court could restrain execution. In effect, the case recognized the right to sue and recover judgment in this particular

class of cases, although payment could not be enforced at the time of suit brought or judgment entered; in other words, was not due. Thus viewing the decision in the Silverman case, it is not clear from the language of the act of 1879 that the legislature intended to overturn it; a reasonable hypothesis is that the intention was to re-affirm it and embody the principle there decided in the revision of the statute law that was then being made. The case of Lepore v. Twin Cities National Building & Loan Assn. is directly in point. It was decided several years after the passage of the act of 1879 and in full view of its provisions. The decision has stood for more than a dozen years, and without question so far as is shown by the reported cases of which we are aware. A fair regard for the stability and certainty of the law requires that it be adhered to, unless very clearly shown to be erro-neous in principle or in conflict with decisions of the court of last resort upon the same point. The able argument of appellant's counsel has not convinced us that it can be overturned upon either of these grounds. On the contrary, our conclusion is, after a full reconsideration of the question, that it is in accordance with the princi-ple enunciated in the Silverman case, and that the au-thority of that case, so far as the precise point under consideration is concerned, was not affected by the act of 1879. A very strenuous argument is made upon the supposed inconvenience of permitting the claim of a withdrawing stockholder to be liquidated in judgment before the funds available to satisfy it are in the treasury. We appreciate the force of what the learned counsel for the appellant say upon this subject; but it must also be conceded, for the reasons suggested in Judge Gordon's opinion in the Silverman case, that the argument, ab inconvenienti, is not all on one side. But, be that as it may, it is a question rather for the legislature than for us. If the practice be so inconvenient as is argued, the legislature may easily correct it.

The judgment is affirmed.