Sklar *v.* Maxwell B. & L. Assn., Appellant.

Argued September 28, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Aaron Trasoff*, for appellant.

*Lester Bowman*, for appellee.

OPINION BY PARKER, J., December 16, 1932:

The plaintiff sought to recover from the defendant building and loan association, of which he is a member, the matured value of certain shares of installment stock. The action is in assumpsit in the form of a case stated.

We will recite such of the agreed facts as are material and essential to a determination of the controversy. The plaintiff, Morris Sklar, subscribed for five shares of installment stock in the Maxwell Building & Loan Association and made the regular monthly payments until February, 1929, when there had been

paid in the sum of $830. At a meeting of the directors of the defendant association held February 20, 1929, a resolution was adopted "maturing the double shares of the Fifth Series (the series in which plaintiff held stock) of said association, thereby placing the value of each double share at the sum of $200." At that time "the defendant association was in a solvent condition." The matured value was not paid to the plaintiff, and during the month of February, 1930, the Secretary of Banking of the State of Pennsylvania notified the defendant that it was in a precarious condition and should either merge with some stronger association or liquidate. The stockholders on July 7, 1930, voted to liquidate the affairs of the association and nominated and elected a liquidating trustee who has since taken charge of the association for that purpose. When this suit was begun, defendant was insolvent, there were not sufficient assets to pay the stockholders, and "there is no possibility of stockholders realizing more than fifty per cent of the amount they paid on account of their shares." The agreement with relation to entering judgment was as follows:

"If the Court shall be of the opinion that plaintiff is to be treated as a creditor and preferred to the extent of One Thousand Dollars by reason of the fact that the stock at maturity represents that amount as of February 20, 1929, then judgment shall be entered in the sum of One Thousand Dollars in favor of the plaintiff, being the amount due him by reason of the action of the Board of Directors in maturing said stock on February 20, 1929; otherwise judgment shall be entered for the defendant and the plaintiff to share the same as any other stockholder on the basis of having paid in $830 on account of his stock." This action was not begun until November 13, 1931, more than four months after the appointment of the liquidating trustee, and when it appeared definitely that the association was insolvent.

The lower court being of the opinion that the holder of stock that had matured and been formally declared by the board of directors to have matured was in a different class from the holder of unmatured shares who by his own act attempts to withdraw from the joint enterprise, entered judgment for the plaintiff for one thousand dollars, the matured value. We are all of the opinion that this was error.

It is true that the rights of withdrawing stockholders are not identical with those of owners of matured stock, but it was held in Criswell's Appeal, 100 Pa. 488, that upon the insolvency of a building and loan association, the holders of matured stock are not creditors and can only share pro rata with the holders of unmatured stock after the payment of the creditors of the corporation. This association having been insolvent at the time this suit was started and a liquidating trustee having been appointed to wind up the affairs of the corporation, the various questions as to the extent of the claims of the respective stockholders and their priorities should be determined by a proper tribunal on an accounting by the liquidating trustee. The remaining stockholders have the right to have determined before distribution is made a number of questions which cannot be answered from the facts disclosed in this action. If insolvency in fact existed when the shares were declared matured, that fact may still be shown: Callahan's Appeal, 124 Pa. 138. If clear proof is made of mistake or fraud resulting in an untimely declaration of maturity even though the defendant was not insolvent at that time, the other stockholders are entitled to relief: Sperling v. Euclid Building & Loan Assn., 308 Pa. 143.

The Supreme Court points out very clearly in the case to which we have just referred that if stock is properly matured, plaintiff's claim is presently payable, and the plaintiff would be entitled to participation

on the basis of the amount so determined and should not share future profits or losses. These are all questions that can only be rightly determined when the facts are placed before a proper tribunal on an accounting by the liquidating trustee or in other suitable action where the rights of all stockholders may be presented. From such facts as were agreed upon between the parties, it cannot be said that the plaintiff is entitled to be treated as a preferred creditor, and the judgment therefore cannot be sustained.

The judgment of the lower court is reversed.