## Wertheimer v. Morris Haber Building and Loan Association

*Joseph H. Sundheim,* of *Bernheimer & Sundheim,* for plaintiff.
*Gilbert J. Kraus* and *Edward S. Weyl,* for defendant.

FINLETTER, P. J., October 25, 1932.—Plaintiff in his statement avers that he is the owner of five shares of stock in the thirty-seventh series of the defendant, which have, by regular proceedings, been declared matured. Payment has been refused, and plaintiff sues in assumpsit to recover the matured value with interest thereon from declaration of maturity.

A statutory demurrer has been filed. We must, therefore, for the purposes of this argument, take the facts to be as alleged in the statement. We, therefore, assume that the association is solvent, that the resolution declaring maturity was regular and properly based, and that there was no mistake or fraud in its passage.

The only question, then, is whether or not the holder of matured shares in a solvent association which has issued and outstanding other stock and whose corporate existence is not affected by the maturity of the series in question may maintain assumpsit for the value of his shares, or whether, on the other

hand, he must resort to equity. Put another way, is the matured stockholder a creditor?

It must be conceded that he has lost many of the rights of a stockholder and that he has acquired the right to immediate payment of the matured value of his stock. He may not share in profits of the association earned after declaration of maturity. He cannot be charged with losses which afterwards arose.

It is true if there is any mistake or fraud in the declaration of maturity he may be required to repay excess payments made by mistake: Kurtz v. Bubeck, 39 Pa. Superior Ct. 370; and it is also true that in cases of actual insolvency the holders of stock declared matured are not creditors in the ordinary sense but are entitled only to share pro rata with the holders of unmatured stock: Criswell's Appeal, 100 Pa. 488; Sperling v. Euclid B. & L. Ass'n, 308 Pa. 143.

It is true, also, that when there is but a single series of stock issued, as in cases of the old "terminable" building associations (Endlich on Building Associations, Sec. 18), the only remedy is in equity because there is nothing left to do, when the end of the term is reached or all the stock matured, but to wind up and dissolve the association and distribute its assets, as in the case of O'Rourke v. West Penn Loan and Bldg. Ass'n, 93 Pa. 308.

In such cases, if the matured stockholders, who are in such associations all the stockholders, were creditors, there would be no stockholders left and, therefore, no corporation to sue. Assumpsit could not be maintained, but resort must be had to equity to wind up the company and distribute its assets.

The same difficulty would arise where but a single series was left out of many earlier ones. But where the several series are issued in such a way (as in the present practice) that the existence of the corporation does not cease when a series runs out, each series being part only of the total authorized capital stock, the difficulties which required the decision in O'Rourke v. West Penn Loan and Bldg. Ass'n, supra, do not exist. The situation presented is that of an existing corporation which has recognized its obligation to pay a debt to one formerly a stockholder, but who has lost all the rights and liabilities of a stockholder and possesses only the right to receive a certain liquidated sum.

Speaking generally, it would seem that there should be no difficulty about allowing assumpsit to lie.

It would seem that the fact that the debtor is a building association would not affect the case. No third party creditor's rights are infringed upon, for the resolution of maturity shows that the directors, who ought to know, have declared the association solvent and able to pay. No complicated accounting is required, for a liquidated sum has been declared by the debtor to be due. No insolvency exists or is threatened, so that the rights of unmatured shareholders are not affected. There is an existing corporation left, which is the debtor, and can be sued. The rights of withdrawing stockholders are not involved, and the statutory provisions of order of payment and existence of liquid funds out of which to pay do not apply.

It seems to us that the conditions for assumpsit exist—a liquidated sum due upon an admitted promise to pay.

If any mistake has been made in declaring the stock to be full paid, or if the association was insolvent when the resolution declaring the stock full paid was passed, these facts will operate as a defense. At this stage of the pleading they are not before us. Whether insolvency arising since the resolution affects the case, we are not now required to pass upon.

Finally, in Sperling v. Euclid B. & L. Ass'n, supra, Mr. Justice Simpson said:

"If the stock was properly declared matured, plaintiff's claim was presently payable . . . when stock actually matures, the rights of the owner thereof are

fixed as of that date; he does not share in future profits or losses, and is entitled, as of that date, to receive its par value. Hence a debt is then presently created and from that time on interest will continue to run, until and unless it is admitted of record or decreed that he was not entitled to the par value of his shares at the time their maturity was declared."

For these reasons, it is adjudged that the plaintiff's statement sets forth in proper form a valid cause of action.