## Heimerdinger v. Homeseekers Building Association

*Wolf, Block, Schorr & Solis-Cohen,* for plaintiff.
*Ladner & Ladner,* for defendant.

SMITH, P. J., December 5, 1932.—The directors of the defendant association declared a maturity of stock with a condition that the stockholders accept twenty per cent. in cash and the balance in full-paid stock. It is contended by the plaintiff that stockholders are entitled to immediate payment in cash as soon as their stock is declared matured, and that the directors cannot by their action destroy that right of payment. That proposition of law is sound. It is interesting, however, to consider when stock in a building and loan association has matured. Does it mature when the stock has reached a value of $200 a share, or does it mature when the directors by their action say that it has? The law seems well settled that stock in a building and loan association matures when the fund in which a stockholder has an interest actually amounts to the sum of $200 per share, at which time all stockholders, borrowers and nonbor-

rowers stand in the same position. That means that when the value of the share actually reaches the sum of $200 the stock has matured. It requires no action by the board of directors to make this fact so. Either the fund has accumulated to a degree where the aggregate makes each share of stock worth $200 or it has not. It would, therefore, appear that any action by the board to the effect that the stock has reached maturity is not a condition precedent to maturity although a certain prima facie weight may be attached to such action. Neither can the directors of a building and loan association declare a conditional maturity. If in fact the stock has matured, the directors cannot impose as a condition thereon any payment other than in cash. The method outlined by them as to how the stock shall be paid for is immaterial. The law is settled that there is only one method of payment, i. e., in cash. In Mercer *v.* Amber B. & L. Ass'n, 10 Pa. C. C. 51, Arnold, J., said: "If any stock has matured so that borrowers' stock may be cancelled, all has matured, and non-borrowers are entitled to payment in money. . . . Neither can they be compelled to take payment in mortgages or other securities. . . ," and that payment upon maturity is presently payable.

In Sperling *v.* Euclid B. & L. Ass'n, 308 Pa. 143, 148, Simpson, J., said: "If the stock was properly declared matured, plaintiffs' claim was presently payable. . . . Whatever the reason, however, when stock actually matures, the rights of the owner thereof are fixed as of that date."

The bill avers solvency and the answer does not properly deny it. There is a formal averment in the answer denying solvency at the time of maturity, but there are averments in the answer that do not show an insolvency but merely show a difficulty to be experienced in regard to payment, namely, that many of the assets are not liquid. The report attached to the answer shows that the shares in this series were worth slightly in excess of $200 per share at the time they were declared matured. The same report shows a separate reserve fund, a contingent fund and an item of profits due the stockholders even after the matured value of these shares is deducted. The value of the matured stock is carried in a separate item.

The answer is not sufficient to prevent a judgment as there is no acknowledgment by it of insolvency. As was said by Simpson, J., in Sperling *v.* Euclid B. & L. Ass'n, supra:

"If insolvency in fact existed when plaintiffs' shares were declared matured, this may still be shown by a proceeding in equity (Callahan's App., 124 Pa. 138; Christian's App., supra [102 Pa. 184]) ; so, also, upon clear proof of a mistake or fraud resulting in an untimely declaration of maturity, relief will be given against the effect thereof, though defendant was not insolvent at that time . . . ."

There are no such facts averred in the answer of the defendant. It does not question the declaration of maturity. It does not say that it was the result of mistake or fraud. It merely says that the assets of the association are not liquid. This is not enough to prevent judgment, but the defendant may invoke the equitable powers of the court to restrain execution until such time as the payment of the maturity can be made without causing injury and unnecessary loss to all stockholders who were such at the time plaintiff's shares matured.

The reargument having been had and no new facts having been presented to change the opinion of this court:

### Decree

And now, to wit, December 5, 1932, the rule for a decree for the amount admitted to be due on bill and answer is made absolute in the amount of $10,000, with interest thereon from October 15, 1931, execution thereon to be restrained

for a period of thirty days, during which time the defendant association may present to the court its reasons why execution should not issue until such time as the money borrowed by the defendant before the declaration of the maturity of the plaintiff's shares has been or should be fully paid, so that defendant's assets and collections if properly managed shall not be unnecessarily sacrificed for plaintiff's benefit to the injury of the other creditors and shareholders of defendant who were such at the time plaintiff's shares matured.