## In re Great Oak Building & Loan Association

*Wolf, Block, Schorr & Solis-Cohen,* for petitioner.

*C. Laurence Cushmore, Jr.,* and *George Hart,* for exceptants.

DAVIS, P. J., October 26, 1934.—The petition sets forth that on or about March 15, 1934, the Secretary of Banking of the Commonwealth of Pennsylvania imposed an order of segregation upon the petitioner, effective commencing with the March 1934 meeting of the association.

The board of directors of the said association caused to be made an appraisal, audit, and examination of its assets and liabilities, whch had been completed as of August 20, 1934. The appraisal, audit, and examination show losses resulting from depreciation of petitioner's securities in the amount of $126,727.94, exceeding the accumulated profits and reserves for contingent losses of $34,422.06 by the sum of $92,305.88, so that the fair value of the assets of the said association is in fact less than the total amount due to creditors and shareholders. The liability of the association to its shareholders, aside from dues segregated since the March 1934 meeting, amounts to $184,728.82 and by reason of said losses has been impaired to the extent of 50 percent of the amount paid in (including shares of which notice of withdrawal has been given). On this basis, the liability to shareholders, aside from dues segregated since the March 1934 meeting, is reduced from $184,728.82 to $92,364.41, and the sum of $58.52 is transferred to contingent fund.

A statement of the assets and liabilities of the said association is attached to the petition, also a statement of profit and loss account as of August 20, 1934.

At a meeting of the board of directors of the said association, held August 21, 1934, attended by a majority of its directors, the said appraisals, audit, and examination were unanimously approved. A resolution was adopted reducing the liability of the association to its shareholders, including all shareholders who had theretofore given notice of withdrawal. The amount of reduction was $92,364.40, being 50 percent of the amount paid in to the association by shareholders. A full and complete copy of the appraisals, examination, and audit, together with a copy of the resolution adopted by the board of directors at the meeting of August 21, 1934, has been duly filed with the Department of Banking of the Commonwealth of Pennsylvania, and said department has approved the same and has approved the application of the petitioner for the reduction of its liability to shareholders.

The petitioner prays for a decree reducing the liability of said association to its shareholders in the amount of 50 percent of the sum paid in to the association by its shareholders prior to the March 1934 meeting.

An answer was filed on behalf of E. S. Higgins, a stockholder of the said association, admitting the averments of the petition except that of the third paragraph relating to the appraisal, audit, and examination of the assets and liabilities of the association.

The answer denies the correctness of each and every averment of the third paragraph of the petition and demands full and complete proof thereof if the same be material.

The consideration of the petition has been continued for several weeks to afford other stockholders of 50 percent of the free shares an opportunity to investigate the appraisement. Counsel representing the said 50 percent of free shares stated at the bar of the court that they were satisfied with the accuracy of the appraisement. Approval by the Banking Department of the appraisement of the value of the assets is prima facie evidence of its verity.

The answer further sets forth new matter and avers that on January 14, 1933, the said E. S. Higgins agreed with the association's secretary, acting on behalf of said association, for the cancellation of his, Higgins', indebtedness to the association by the application of the then value of his shares, leaving a balance due him of $941.25 in excess of his indebtedness to the association. It was agreed that this amount would be paid to Higgins whenever the association had paid off the stockholders who had given notice of withdrawal prior to January 14, 1933, and if the association had sufficient applicable funds to

pay him. There was no averment in the answer that the association did have sufficient funds to pay Higgins or that all those who gave notice of withdrawal prior to January 14, 1933, had been paid.

We are of opinion that Higgins was in the position of a withdrawing stockholder and is not entitled to preference for the full amount of his claim of $941.25 against other withdrawing stockholders.

In Brown v. Victor Bldg. Assn., 302 Pa. 254, 258, it was said:

"Building associations differ from ordinary corporations and stockholders therein are really partners in the enterprise.

"Withdrawing stockholders are creditors only in a qualified sense; their rights as against those with whom they have been associated as stockholders are very different from those of general creditors, whose claims are based wholly on outside transactions." (Syllabus).

"Building associations differ from ordinary corporations, and stockholders therein are really partners of the enterprise: Christian's App., 102 Pa. 184. After the payment of general creditors, the residue of the funds belong to the stockholders and should be distributed among them pro rata whether they have given notice of withdrawal and hold orders for the withdrawal value of their stock or not."

In Stone v. Schiller B. & L. Assn. et al., 302 Pa. 544, the court held:

"A withdrawing stockholder of an association is at no time a creditor of the association as that term is usually understood. Withdrawing stockholders have equal rights."

See also Nice Ball Bearing Co. v. Mortgage B. & L. Assn., 310 Pa. 560, Sperling v. Euclid B. & L. Assn., 308 Pa. 143, and Publicker et al. v. Pottash Bros. B. & L. Assn., 104 Pa. Superior Ct. 530.

It was evidently the purpose of the Building and Loan Code of 1933 to distribute the losses equitably among all members, and to sustain the claim of Higgins would be to afford him a preference. Nor does the petition impair any of his rights, for it merely is official recognition of the existing fact of shrinkage of his pro rata share of the assets.

An answer and exceptions have been filed by Frank A. Fox, a shareholder of Great Oak Building & Loan Association, having 15 double shares of the fifth series which were declared matured in December 1932, in the then value of $3,030. Deducting therefrom stock loans of $1,500, there was due the exceptant, in December 1932, $1,530. The association paid to the exceptant during the months of December 1932, January 1933, February 1933, April 1933, May 1933, July 1933, and September 1933 installments totaling $543.03, leaving a balance due to the exceptant of $986.97.

The amount due the exceptant is not questioned by the association. We are of opinion that Fox continues to be a partner in the association: Sklar v. Maxwell B. & L. Assn., 107 Pa. Superior Ct. 305; Brown v. Victor Bldg. Assn., 302 Pa. 254; Sperling v. Euclid B. & L. Assn., 308 Pa. 143. The exceptant was a part owner of the assets against which the amount of his claim, under the petition, is alleged to be worth 50 percent of $986.87 or $493.48. What we have said under the answer of E. S. Higgins applies with equal force to the claim of Frank A. Fox.

The exception of Frank A. Fox is dismissed.