Catherine May Smith *v.* Reserve Fund Building & Loan Assn., Appellant.

Argued October 1, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Gerald F. Flood,* for appellant, cited: Brown v. Victor Building and Loan Association, 302 Pa. 254; Stone v. Schiller Building and Loan Association, 302 Pa. 544.

*Harry C. Liebman,* for appellee.

96

PER CURIAM, November 11, 1931:

The plaintiff was the owner of five shares of the defendant building and loan association. She gave notice of her desire to withdraw and her request being refused, brought suit. In her statement she set forth the value of her shares and the notice of withdrawal. The affidavit of defense alleged the insolvency of the association. The court decided that the averments of insolvency were pleaded in too general and indefinite manner and entered judgment for the plaintiff. This, in the light of Brown v. Victor B. & L. Assn., 302 Pa. 254, was error. In that case, it was held that the statement of claim filed by the plaintiff was insufficient to sustain a summary judgment because it failed to aver that there was in the treasury of the association, sufficient funds to meet her demand, or that one-half of the funds therein would pay her claim, or that the board of directors had consented to the application of more than one-half of the funds in the treasury to her demand. These averments were not contained in plaintiff's statement and were essential in order to sustain the judgment. See also Stern v. Ashbourne B. & L. Assn., 100 Pa. Superior Ct. 561. The statement being insufficient, judgment cannot be entered against the defendant: Parry v. 1st National Bank of Lansford, 270 Pa. 556 (frequently cited). It is proper to state that the decision in the Brown case was handed down after the lower court in the present case had entered judgment.

The judgment is reversed with a procedendo.