Publicker et al. *v.* Pottash Brothers B. & L. Assn.,
Appellant.

Argued December 16, 1931.

Before
Trexler, P. J., Keller, Linn, Gawthrop, Cunningham,
Baldrige and Stadtfeld, JJ.

*Simon Pearl,* and with him *Henry Arronson,* for appellant.

*Earl Jay Gratz,* and with him *J. Maurice Gray,* for appellee.

OPINION BY TREXLER, P. J., March 5, 1932:

This appeal is taken from the refusal of the lower court to restrain an execution. The plaintiff was a shareholder in the defendant building and loan association. On January 28, 1930, she gave notice of withdrawal by letter. The association did not comply with the demand, but there was a contract made between the attorneys of the parties whereby the debt was to be paid in two equal monthly installments. The association failing to do this, the shareholder instituted suit. After this, there was an agreement made between the parties under which the association agreed to pay the debt in monthly installments of $200. The installments were only paid for two months and thereafter the plaintiff entered judgment and issued execution and attached the funds of the association in the hands of a trust company in which the treasury's cash balance was kept.

The petition above referred to was then presented asking for a stay of execution. This, the court refused on the ground that the parties had to stand by their settlement. At the time that the original notice of withdrawal was presented, there were precedent withdrawals to the amount of approximately $10,725 of which there remained unpaid at the time of the presentation of the rule to restrain execution approximately the sum of $10,400.

If this were a case between two ordinary litigants, the compromise would be sustained, but building associations are creatures of statute and are in a class by themselves. The nature of the claim of the plain-

tiff did not change by reason of the fact that a compromise was effected. She did not lose her character as a withdrawing stock holder. The officers of the association could not legally give her a preference, nor could they advance her position as a withdrawing stock holder, so that she would precede in the distribution those who had made application before her. She and they were equally bound by the law which was passed to govern the mutual rights of the shareholders. She cannot by resort to a suit gain a preference which the law does not give her. The fact that the claimant has obtained a judgment ascertaining the amount of her claim does not alter the character of the claim.

In Brown v. Victor B. & L. Assn., 302 Pa. 254, in the opinion by Justice SCHAFFER, the matters involved in this case are, we think, definitely settled. Attention is called by him to the Act of April 29, 1874, P. L. 73, Sec. 37, Clause 2, referring to the withdrawal of shareholders of building associations and the proviso that at no time shall more than half of the treasury of the corporation be applicable to the demands of withdrawing stockholders without the consent of the board of directors. The supplement of April 10, 1879, P. L. 16, Section 2, is cited, that withdrawals shall only be due when there are sufficient funds to meet and liquidate the same and then only in the order of the respective times of presentation of the notice of such withdrawals. Payment of withdrawal stock can only be made out of applicable funds.

Stone v. Schiller B. & L. Assn., 302 Pa. 544, is to the same effect. It is there stated by Justice KEPHART, that "withdrawal by a shareholder of his contribution presupposes that sufficient assets or a relative proportion of them will remain for the benefit of those who continue to be active members."

"If the association were liable to judgment and execution at the hands of every withdrawing shareholder,

it would result in a race for judgment whereby the assets would be eaten up through forced sales: O'Rourke v. West Penn Loan and Building Assn., 93 Pa. 308; Andrew v. Roanoke B. & L. Assn., 98 Va. 445." "A shareholder owes a duty to his fellow members of the so-called partnership to not place them, as well as himself, in a position where unnecessary loss must be suffered. He should not embarrass the association by suit or judgment. Such actions accentuate an already distressed real estate market, imperil loans, bring on execution sales, forced liquidation, or a state of insolvency: O'Rourke v. West Penn L. & B. Assn., supra, 310, 311. To avoid such a disaster, when payment to withdrawing members becomes impossible, a reasonable time should be given to enable the officers to reestablish the company. If this step is unavailing, the state banking department should be called in. They may be relied on to keep the affairs of the concern on an even keel and prevent over-reaching, if any is attempted. A withdrawing member obtains no advantage or priority over his fellow members by judgment. ......"

The plaintiff in this case has produced no evidence to show that the funds now by law applicable to the demands that have been made are sufficient to meet them. After the payment of general creditors, the funds belong to the stockholders and should be distributed among them pro rata whether they have given notice of withdrawal or not. We think further comment is unnecessary.

The order of the lower court is reversed and the rule entered to restrain the plaintiff from issuing execution is made absolute.