Klein *v.* Moskovitz & Sherwood, Appellant.

Argued September 26, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Herman Moskowitz,* for appellant.

*Alfred M. Klein,* for appellee.

OPINION BY CUNNINGHAM, J., November 23, 1932:

The substantial question involved upon this appeal is whether the court below, sitting in equity, had jurisdiction to entertain plaintiff's bill and grant the relief therein sought—the appointment of a receiver for a building and loan association in which he is a withdrawing stockholder.

From the pleadings we learn that Sigmund Klein, the plaintiff, is the owner of twenty-five, unencumbered and unpledged, shares in Morris J. Moskovitz Building and Loan Association, now merged into Sherwood Mutual Savings and Loan Association, the present appellant.

On July 31, 1929, he gave thirty days' written notice of his desire to withdraw and demanded payment of the withdrawal value of his stock.

Prior to that date six other stockholders, owning together eight hundred seventy-one shares, had given proper withdrawal notices.

Upon the failure of the association to pay plaintiff the withdrawal value of his shares, he brought an action of assumpsit against it to recover the same at

No. 10238 September T., 1930, of the Court of Common Pleas No. 1 of Philadelphia County. An affidavit of defense was filed and on January 2, 1931, plaintiff's rule for judgment for want of a sufficient affidavit of defense was made absolute for the amount admitted to be the withdrawal value of his shares—$2380—and on November 16, 1931, damages were assessed in the sum of $2499.35.

Plaintiff never made any attempt to collect the amount of his judgment from the association by an execution issued directly against it. Immediately after the assessment of damages, however, he issued an attachment execution, naming Northwestern Trust Company, then in the possession of the Secretary of Banking, as garnishee. The sheriff returned, "attached as commanded," as to the garnishee and nihil habet as to the association; no further proceedings have as yet been had on this writ.

On June 16, 1932, plaintiff filed the present bill in equity against the association in the same court and at the same number and term. The bill recites the obtaining of the above judgment; avers that the total amount due prior withdrawing stockholders did not then exceed $4668; and complains that the association had made no attempt to pay him the amount of his judgment. Other averments are thus summarized in the opinion of the court below: "The bill alleges that the receipts of the association since the award of the judgment to plaintiff have averaged not less than $4,000 a month, or a total of $40,000, but that no part of it has been used to liquidate the plaintiff's judgment, that the creditor banks or trust companies of defendant association have been paid, and that while not using the income of the association to liquidate the plaintiff's judgment, it has, on the other hand, made numerous stock loans to members to the amount of upwards of $6000; that had the association applied even one-half of its receipts to the payment of claims

of withdrawing stockholders, including the claim of the plaintiff, reduced to judgment as it was, it would long since have been paid."

The substance of the prayers are that a receiver be appointed "to take charge of the assets and business of the association and collect all moneys due it;" that the officers and agents of the association be ordered to transfer and deliver all its property and affairs to the receiver and be enjoined from transacting any of its business; and that the receiver be authorized to remain in possession of the assets of the association and carry on its business "until such time as the complainant has been paid the amount of his judgment" with interest.

On the question of solvency, the statement of claim averred the association was solvent and it stated in its affidavit of defense that it "believed itself to be solvent," but a recent reappraisement of its assets indicated that the value of each share of its stock does not exceed 80% of the amount paid in thereon, or, as applied to plaintiff's shares, an aggregate of $2380. No averment of insolvency is contained in the bill.

Upon service of the bill, the association obtained, under Equity Rule No. 29, a rule to show cause why service of the bill should not be set aside for want of jurisdiction; two grounds were assigned, (a) that the proceeding had been entered in Common Pleas No. 1 without compliance with Rule of Court No. 4, regulating the assignment of proceedings growing out of, or directly connected with, litigation then pending in, or theretofore decided by, one of the courts of common pleas, and (b) that when the bill was filed there was "pending and undetermined an action at law between the same parties concerning the same subject matter and having the same object."

Plaintiff answered that the action at law had been pursued to judgment and the bill was in aid of, and merely ancillary to, the proceeding on the law side

and that the rule of court had been sufficiently complied with. On August 3, 1932, the court below, in an opinion by KUN, J., discharged the association's rule, appointed a temporary receiver, and ordered the officers of the association to turn over all its property and business to him; this appeal by the association followed.

The grounds upon which the court took jurisdiction in equity were that "the proceeding on the bill is supplementary to the main action in which the judgment was obtained;" and that "the customary execution process in a case like this one where the judgment debtor is a building and loan association is impractical and therefore inadequate." The opinion below continues: "There is nothing pending and undetermined between the parties, plaintiff having obtained his judgment against the defendant, and thus determining the action in law and the object of the bill is, as stated, to reach by supplementary process through equity, the funds of the defendant association when and as collected, so that they may be applied equitably to discharge the plaintiff's judgment instead of, as alleged in the bill, having the funds applied to the claims or requests of others whose rights are inferior to the rights of the plaintiff as a judgment creditor."

A case of this importance should not turn upon a technicality and we accept as final the statement of the chancellor that the bill was filed in Common Pleas No. 1 "by direction of a judge thereof."

The controlling question is whether, under all the circumstances appearing upon the face of this record, the court below, sitting in equity, was justified in taking jurisdiction and ordering the association to turn over all its assets and business affairs to a receiver for the temporary purpose stated in the decree.

We cannot agree with the conclusions reached by the court below. The bill does not aver that the association is insolvent; it contains no allegations of fraud, nor does it seek discovery or an accounting. Upon its

face it is an effort by one of a number of withdrawing stockholders, acting for himself alone, to invoke the aid of a court of equity to enable him to collect, through a receivership for his particular benefit, the amount of the judgment he has obtained at law. Plaintiff is not an ordinary creditor of an ordinary corporation; he is a member of a so-called partnership; other members of the association, by giving prior notice of their desire to withdraw, have acquired rights superior, or at least equal, to those of plaintiff, but neither the bill nor the decree contains any provisions designed to protect their rights. The receivership is to last only until plaintiff's judgment has been paid; if he is entitled to have a receiver appointed for his sole benefit it should follow that each withdrawing stockholder would be entitled to a receiver for his or her individual benefit as rapidly as their respective claims may be reduced to judgment.

When we recall that these associations are in a class by themselves and their stockholders, in essence, partners in a common enterprise (Christian's Appeal, 102 Pa. 184; Brown v. Victor Building Association, 302 Pa. 254; Stone v. Schiller Building and Loan Association, ibid., 544; Sperling v. Euclid B. & L. Association, 308 Pa. 143), it is obvious that to permit each withdrawing stockholder who reduces his claim to judgment to have a receiver appointed for his sole and special benefit would lead to intolerable confusion and be destructive of the fundamental propositions upon which the associations have been organized and under which they are operated.

Clearly, the relief originally sought by plaintiff and to which he was entitled was the recovery and enforcement of a money judgment. Its enforcement must necessarily be subject to the rights of his fellow stockholders, whether they are seeking to withdraw from, or are willing to remain in, the association. The general rule is that suits for the recovery of money judg-

ments and proceedings for their enforcement belong on the law side of the court. Plaintiff has not yet exercised, let alone exhausted, his remedy at law. As we view this case, plaintiff has not averred any fact or set of facts which would bring it within the province of a court of equity. All the issues sought to be raised by the bill may properly be considered and adjudicated when he issues an execution upon his judgment. The assignment of error based upon the order discharging appellant's rule to show cause why the service of the bill should not be set aside for want of jurisdiction in equity must, in our opinion, be sustained.

The orders of June 12 and August 3, 1932, discharging appellant's rule and appointing a temporary receiver, are reversed; the rule is reinstated and the record remitted to the end that it may be made absolute and the bill dismissed.