Educational Society of Yozgad, Inc., v. William D. Gordon, Secretary of Banking, in possession of Southern Co-operative Building & Loan Association.

Argued January 10, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edward Davis,* with him *S. Wilson Vaughn,* for appellant.—A stockholder cannot withdraw from an insolvent building and loan association, nor can he better his status by obtaining a judgment: Stone v. B. & L. Assn., 302 Pa. 544.

In marshalling and distribution of assets of insolvent building and loan associations, no class whose claims arise from stock ownership is entitled to priority: Christian's App., 102 Pa. 184.

If plaintiff in this case sued as a withdrawing stockholder, it failed to make out its case because it did not show, first, that its turn to be paid had been reached, and, second, that there were sufficient funds in defendant's treasury to meet its claim: Acts of April 20, 1874, P. L. 73, section 37, and April 10, 1879, P. L. 16, section 2; Brown v. B. & L. Assn., 302 Pa. 254; Publicker v. B. & L. Assn., 104 Pa. Superior Ct. 530.

*Maurice A. Granatoor,* with him *Abraham J. Levinson,* for appellee.—The plaintiff was entitled to binding instructions: St. Louis Loan Investment Co. v. Yentis,

173 Ill. 321; Huntingdon County Loan Assn. v. Emerich, 23 Ind. App. 175.

Matters considered at trial cannot be considered and inquired into in a proceeding to stay execution: Lewis v. Linton, 207 Pa. 324; Shoemaker v. Shertliffe, 1 Dallas 127.

OPINION BY MR. JUSTICE KEPHART, February 1, 1933:

On July 30, 1930, the Southern Co-operative Building & Loan Association merged with the Max Krakovitz Building & Loan Association, the new corporation being called Southern Co-operative Building & Loan Association. Appellee was a shareholder in the constituent corporation, the Southern Co-operative Building & Loan Association. It gave notice of withdrawal on July 1, 1930. On October 3d appellee brought suit for the amount paid in on its shares, naming the constituent corporation as defendant. The defense of insolvency was set up. The case proceeded to judgment with the constituent company named as defendant. Motion was then made for a stay of execution and control of the judgment on the ground that the affairs of the consolidated corporation, which included the constituents, were in the hands of the department of banking as liquidating trustees. The court below refused to stay execution, and this appeal followed.

The court below did not have the advantage of our two recent opinions (Weinroth v. Homer B. & L. Assn., 310 Pa. 265, and Nice Ball Bearing Co. v. Mortgage B. & L. Assn., 310 Pa. 560). We there made it plain that after merger the constituent corporation ceases to exist, and consequently should not be made defendant in an action when all the merged properties are in the consolidated corporation. As there was no objection to an amendment making the consolidated corporation defendant, through the secretary of banking as liquidator, and as the rights of the parties are not affected by the change,

we will proceed to dispose of the case. The two opinions above referred to control the situation.

There are 53 other withdrawing shareholders in the constituent corporation whose notices of withdrawal were received prior to that of appellee. Appellee, by prosecuting its claim to judgment, can obtain no advantage over other shareholders of equal right in a building association which has not sufficient funds to pay in full: Stone v. New Schiller B. & L. Assn., 302 Pa. 544, 553. See also the two cases cited above. Recovery on its judgment will be limited to the proportionate share which its and other claims of equal standing are entitled to receive out of all the assets, as decided in the Weinroth and Nice Ball Bearing Cases, supra.

Section 36 of the Banking Act of 1923 provides that when the property of any corporation is in the hands of the secretary of banking, "no execution or attachment shall issue against such corporation......except by special leave of the court." The property of the appellant is now in the possession of the secretary, and hence execution may not issue on the judgment. The amount of the judgment will constitute a liquidated claim against the assets of the corporation, to be treated as the liquidated claim of other shareholders in the same class.

As the record shows that the secretary of banking has taken possession of these assets, the record should be returned to the court below so that this claim may be presented with others for allowance according to our decisions upon the distribution of funds arising in liquidation.

The order refusing to stay execution is reversed, and the record is remitted for further proceedings, cost of appeal to be paid by the appellant building and loan association in liquidation.