## MacMullan v. The Home Building and Loan Association

*J. De Haven Ledward* and *Samuel L. Borton*, for plaintiff.
*Albert J. Williams*, for defendant.

FRONEFIELD, P. J., March 10, 1933.—This proceeding arises from preliminary objections to a bill in equity.

The bill avers that on February 4, 1922, the plaintiff became a stockholder in the Home Building and Loan Association and subscribed for 15 shares in series no. 65 of said association, and subsequently to 5 shares in series no. 69, upon which he made regular payments until, at the last annual report, the stock had a withdrawal value of $3,090.55. On January 2, 1932, he gave proper notice to the secretary of the association of his desire to withdraw therefrom the value of the said stock. The bylaws of the association provide that: "Stockholders may voluntarily withdraw from the association upon giving 1 month's notice in writing to the secretary at a stated meeting of the directors, and any stockholder so withdrawing shall receive upon surrender of his stock the amount of dues paid by him to the association, first deducting all fines and charges and a proportionate share . . . of all losses and incidental expenses, with his share of the earned profits . . . no more than one half of the unappropriated money in the treasury shall be available for the purpose of paying withdrawing stockholders". In February 1932, the association paid off a series of stock as

matured, to certain stockholders, amounting to several thousand dollars. Plaintiff is informed, believes, and avers that the association proposes to pay off another series of stock, as matured, to certain stockholders some time during the month of September 1932; that it has persistently refused to honor his notice or application for withdrawal and refused to pay him the withdrawal value of his stock or any part thereof; that it is solvent and in a financial position to honor his application for withdrawal and has no right to ignore his withdrawal notice and refuse to pay him the sum of $3,090.55, and thereafter to pay out large sums of money to certain other stockholders as matured stock. The plaintiff further avers that he is without an adequate remedy at law and seeks complete discovery of all the property and assets of the defendant from October 3, 1931, until the filing of the bill, and that the defendant render a true and full account to the plaintiff of all its receipts, expenditures, loans, or payments made to any stockholders from October 3, 1931, to the filing of the bill; and prays that an injunction issue, restraining the officers and directors of the defendant from paying out on matured stock to any stockholder any money from the treasury of the association until after such time until it shall have paid the withdrawing application of the plaintiff.

To this bill, the defendant filed a preliminary objection that the plaintiff has a full, complete, and adequate remedy at law.

There can be no question that a suit at law by the plaintiff will procure a judgment, if the prerequisites to a recovery are met.

The plaintiff avers that his remedy at law is not an adequate one, because he prays for a full and true account by the defendant of all its receipts, expenditures, loans, or payments made to any stockholder from October 3, 1931, until the filing of the bill.

Equitable relief will not ordinarily be granted where, as here, the accounts are all one one side: Graham v. Cummings, 208 Pa. 516-532; unless the account is so complicated as to embarrass the remedy at law or in cases where discovery is essential. Jurisdiction must be determined from the face of the bill: Williams v. Finlaw, Mueller & Co., Inc., 292 Pa. 244; Adams's Appeal, 113 Pa. 449. This bill does not aver that an accounting or discovery is necessary to fix the value of the stock or that its value is disputed or in issue. The plaintiff's stock, it is alleged in the bill, is worth $3,090.55. There is no need for an accounting shown by the bill.

Another reason averred by the plaintiff why his remedy at law is inadequate is that the defendant must make discovery of all the property and assets of the association from the time he gave notice to withdraw until the filing of his bill.

The prayer for discovery is to furnish evidence and does not extend equity jurisdiction to causes in which the law gives an adequate remedy. In Williams v. Finlaw, Mueller & Co., Inc., supra, Justice Kephart said: "The legitimate function of discovery is to furnish evidence; it is not the source of jurisdiction. Discovery cannot extend equitable jurisdiction to causes otherwise cognizable solely at law. Where equitable jurisdiction exists, discovery may be an aid to its exercise . . .": Holland v. Hallahan, 211 Pa. 223, 226.

It is contended that even though a judgment at law be entered for the plaintiff, equity will be required to enforce it. A money judgment is usually enforced at law and its remedy where adequate, must first be used. In Klein v. Moskovitz & Sherwood, 107 Pa. Superior Ct. 366, 371, Judge Cunningham said: "The general rule is that suits for the recovery of money judgments and proceedings for their enforcement belong to the law side of the court. Plaintiff has not yet exercised, let alone exhausted, his remedy at law".

Another reason alleged why plaintiff's remedy at law is inadequate is his prayer for an injunction, restraining the officers from paying out on matured stock to any stockholder until the plaintiff and other withdrawing stockholders are paid. The plaintiff contends that he has an equal standing with stockholders whose stock has matured and points as his guide to authorities where the association was insolvent, which have no bearing when an association is solvent.

In an insolvent association, all stockholders are treated alike, and the assets, after payments of debts, are distributed to all without preference.

If the association is solvent, the value of matured stock is due at the time it is declared matured, and if it is not then paid the stockholder may reduce his claim to judgment and compel its payment unless some moving reason appears why execution should be stayed. When the value of a withdrawing stockholder's stock is due and payable and not paid, the stockholder may reduce his claim to judgment, and compel its payment unless some proper reason appears to the court to stay it.

The plaintiff points to Sperling v. Euclid B. & L. Ass'n, 308 Pa. 143, and Berlizheimer v. Asset B. & L. Ass'n, 17 D. & C. 167, where the court proceeded in equity, but did so because "no procedural question is raised".

Section 37, clause 2, of the General Corporation Law of April 29, 1874, P. L. 73, provides: . . . "any stockholder wishing to withdraw from the said corporation, shall have power to do so by giving thirty days' notice of his or her intention to withdraw, when he or she shall be entitled to receive the amount paid in by him or her, less all fines and other charges [etc.] . . . *Provided,* That at no time shall more than one-half of the funds in the treasury of the corporation be applicable to the demands of withdrawing stockholders without the consent of the board of directors," ". . . but payment of the value of stock so withdrawn, shall only be due when the funds now by law applicable to the demand of withdrawing stockholders are sufficient to meet and liquidate the same, and then only in the order of the respective times of presentation of the notices of such withdrawals . . .": Act of April 10, 1879, P. L. 16, sec. 2.

These acts do not provide that withdrawing stockholders in a solvent association, who have given notice of withdrawal prior to the association declaring stock to have matured, shall have priority over holders of maturing stock. The withdrawing stockholders have priority only over each other dependent upon the time of notice of withdrawal. The association, before maturing stock, must take care that the money due on it is at hand, but it has no way of knowing when withdrawing stockholders are going to call for payment, hence they cannot get their money until 30 days after notice of withdrawal and then only when the funds now by law applicable to the demand of withdrawing stockholders are sufficient "to meet and liquidate the same and then only in the order of the respective times of presentation of the notice of such withdrawals": Publicker et al. v. Pottash Bros. B. & L. Ass'n, 104 Pa. Superior Ct. 530; Stone v. Schiller B. & Loan Ass'n et al., 302 Pa. 544; Weil v. Charles Steiner B. & L. Ass'n, 100 Pa. Superior Ct. 550; Allman v. David Berg B. & Loan Ass'n et al., 100 Pa. Superior Ct. 205.

It follows that the plaintiff has no standing to restrain the association from paying holders of maturing stock in a solvent association. The plaintiff may use his remedy at law to enforce his rights.

And now, March 10, 1933, the preliminary objections to the bill in equity are sustained. The bill is certified to the law side of the court for further proceedings.                              From William R. Toal, Media, Pa.