Rosenblatt & Rosenblatt v. Potential Building and Loan Association.

Argued October 9, 1933.

Be-
fore KELLER, CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and JAMES, JJ.

*Harry Cohen,* for appellant.

*M. Jacob Markmann,* for appellee.

PER CURIAM, November 23, 1933:

When the rule for judgment for want of a sufficient affidavit of defense in this case was argued in the court below, the attention of the court was not called to the cases of Weinroth v. Homer B. & L. Assn., 310 Pa. 265, 165 Atl. 28; Educational Society of Yozgad, Inc. v. Wm. D. Gordon, Secy., 310 Pa. 470, 166 Atl. 499; and Nice Ball Bearing Co. v. Mortgage B. & L. Assn., 310 Pa. 560, 165 Atl. 239, which had been decided a short time before, but not yet reported.

These cases discuss at length the principles of law involved in this appeal and require the reversal of the judgment. It is the settled rule that a summary judgment will not be sustained unless the plaintiff's right thereto is clear and free from doubt: Eizen v. Stecker, 295 Pa. 497, 145 Atl. 606; it should be reversed "if a substantial doubt exists as to the propriety of its entry": Gordon v. Continental Casualty Co., 311 Pa. 109, 111, 166 Atl. 557.

The summary judgment entered in this case cannot be sustained as a claim for the withdrawal value of the plaintiffs' shares in the old Potential Building & Loan Association, which had become fixed and payable prior to the merger into the present defendant company, for the requisite averments necessary to fix such liability (Brown v. Victor Bldg. Assn., 302 Pa. 254, 258, 153 Atl. 349; Smith v. Reserve Fund B. & L. Assn., 103 Pa. Superior Ct. 94, 96, 156 Atl. 902) were not contained in the plaintiffs' statement; and the affidavit of defense averred that at the time the notice of withdrawal was received the association was insolvent, in which case it was ineffective: Allman v. David Berg B. & L. Assn., 100 Pa. Superior Ct. 205.

Nor can it be sustained, in the amount for which it was entered, as representing the actual value of the plaintiffs' shares at the time of the merger, which they were entitled to recover from the new or merged company as non-assenting stockholders, for the statement

contains no definite averment that the actual value of plaintiffs' stock at the time of merger was equal to the instalments of stock paid in, and the affidavit of defense avers that the value of the old association's assets had been reduced by losses to the extent of 55 per cent of the amount paid in on stock contributions. Under these averments, considered in the light of the decisions above quoted, summary judgment could not be entered in favor of the plaintiffs for more than 45 per cent of the amount paid in as instalments of stock, which was claimed by them as the withdrawal value; and, in view of the fact that liquidating trustees are now in possession and control of the defendant's assets, execution on such judgment should be so controlled as not to prejudice the superior rights of higher creditors, if any, nor give the plaintiffs any preference or advantage over others having equal rights with them in the property of the association. See 310 Pa. 271, 273, 274; 310 Pa. 473; 310 Pa. 565, 569; and Sklar v. Maxwell B. & L. Assn., 107 Pa. Superior Ct. 305.

The judgment is reversed with a procedendo.