Sanft *v.* Fair & Square B. & L. Assn., Appellant.

Argued October 12, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Aaron Trasoff,* for appellant.

*Maurice J. Friedman,* for appellee.

OPINION BY TREXLER, P. J., February 1, 1934:

On June 17, 1932, the plaintiff brought suit against the defendant building and loan association, and in due course, on December 9, 1932, upon trial by the court without a jury, obtained judgment against it for $390 with a stay of execution, the formal judgment being entered December 21, 1932.

On December 28, 1932, the plaintiff presented a petition to the court praying that the stay of execution be set aside and the plaintiff be permitted to proceed for the satisfaction of his judgment. The petition recited the facts above stated and in addition, alleged that the reason the stay of execution was ordered was for the purpose of assuring the creditors of the association satisfaction of their claims before any payments should be made to withdrawing stockholders of which class the plaintiff is a member and that the only debt of the defendant association was a bank loan which was paid in full and that the court had found that plaintiff's turn as a withdrawing stockholder had been reached and there was sufficient assets to pay plaintiff's claim in cash.

The defendant's answer alleged that there are a number of withdrawing stockholders who had given written notice of withdrawal prior to the plaintiff and in the exhibit attached gave the names, book numbers, dates and amounts due on the prior withdrawals; the amount due to such withdrawing stockholders being $3,879.42, and that there was due to the City of Philadelphia the sum of $2,860 for taxes on properties held by the association and interest due of $1,385 on first mortgages on the same properties and that to offset these claims, there was a deposit to the credit of the building association of only $1,357.94, and if the plain-

tiff were allowed to realize on his judgment, it would be to the detriment of the association's creditors and disturbs the equities existing in the members of the association whose withdrawals preceded that of the plaintiff.

Depositions were taken in support of the petition. The secretary of the defendant association was called by the plaintiff and substantiated the allegations contained in the reply of the defendant. There is nothing on the record before us to support the allegations of the plaintiff. The court, however, made the rule absolute, thereby allowing the execution to be issued. The building association has appealed. We found nothing that would sustain the action of the court in setting aside the order staying the writ. If there are any valid reasons, they should appear on the record. It is hardly necessary to state that obtaining of judgment does not give to a withdrawing shareholder a preference over other shareholders or advance his position in participating in the distribution of the available assets of the association. The prior withdrawing stockholders may not, if there are not enough assets to go around, be entitled to be paid before the plaintiff, but by the same token, he cannot get ahead of them by reason of his having obtained a judgment.

Moreover, the creditors of the association are first entitled to be paid before the stockholders. The testimony of the secretary discloses that there is not sufficient money on hand to pay the creditors. In Weinroth v. Homer B. & L. Assn., 310 Pa. 265, 165 A. 28, it is stated: "The fundamental principle is that a withdrawing shareholder is entitled only to his proportionate share of the profits of the association after the payment of creditors. He may not gain any preference by prosecuting his claim to judgment, but still retains his status as a shareholder and execution upon the judgment will be restrained until there is sufficient surplus to pay it; U. S. B. & L. Assn. v. Silverman,

85 Pa. 394; or until his proportionate share is determined: Christian's App., 102 Pa. 184; Stone v. B. & L. Assn., supra [302 Pa. 544]; Sperling v. B. & L. Assn., 308 Pa. 143; Brown v. Victor B. & L. Assn., 302 Pa. 254, 258.''

In Educational Soc. of Yozgad v. Wm. D. Gordon, Sec. of Banking, 310 Pa. 470, 166 A. 499, Justice KEP-HART makes this comment: ''There are 53 other withdrawing shareholders in the constituent corporation whose notices of withdrawal were received prior to that of appellee. Appellee, by prosecuting its claim to judgment, can obtain no advantage over other shareholders of equal right in a building association which has not sufficient funds to pay in full.''

While there is nothing before us showing that the defendant building and loan association is insolvent, there appears to be ample to move the court to stay the execution to preserve the rights of all parties concerned and, as we have stated, there is nothing on the record as now presented to sustain the action of the court in rescinding the order granting the stay. If there was any justification for it, we are entitled to know the facts which warranted the order.

The order of the court, setting aside the stay of execution is reversed, the appellant to pay the costs.