Sharps *v.* Homer Building & Loan Association, Appellant.

Argued November 16, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Nochem S. Winnet,* and with him *B. I. DeYoung,* for appellant.

*Frank E. Gordon,* for appellee.

OPINION BY KELLER, J., February 1, 1934:

The plaintiff on July 20, 1932 brought his action in assumpsit against the defendant, as a non-assenting shareholder of one of the constituent associations (the old or original Homer Building & Loan Association) which merged into the new or consolidated Homer Building & Loan Association, the defendant in the action.

Judgment for want of a sufficient affidavit of defense was entered on March 17, 1933 for $630, (with interest from September 2, 1930), being 70% of the instalments of stock paid in, that being the value set on the stock in the merger proceedings.

At the time judgment was entered the court made an order restraining execution on the judgment for a period of six months.

Subsequent to the bringing of this suit, by action duly taken by its shareholders, a liquidating trustee was placed in possession and control of the defendant association in order to liquidate its assets and distribute them according to law.

At the termination of said six months stay period the liquidating trustee presented his petition to the court setting forth that the association was not able to pay said judgment and praying for a further stay of execution. The petition set forth that the association was indebted to banks in a sum exceeding $300,000 and that he had not been able to realize sufficient funds to pay the indebtedness to banks and other creditors preferred by law over defendant.

After hearing on petition and answer the court discharged the rule. The defendant association, through its liquidating trustee, has appealed.

The Supreme Court has in the past two or three years filed a number of decisions which clarify the law on building and loan associations in this State, and make it plain that they stand in a different situation from ordinary corporations; that the share-

holders of such associations are not creditors, as that term is used in its usual and ordinary meaning, but partake, rather, of the nature of partners; and that in the liquidation and winding up the affairs of such associations the courts will see to it that in enforcing his rights against the association no person whose claim arose by reason of his being a shareholder should be permitted to prejudice the superior rights of creditors who are preferred to him, or obtain any advantage over others occupying the same relationship as himself. Among these cases may be mentioned, Brown v. Victor Bldg. Assn., 302 Pa. 254, 153 A. 349; Stone v. Schiller B. & L. Assn., 302 Pa. 544, 153 A. 758; Ferrando v. U. S. Nat. B. & L. Assn., 307 Pa. 25, 160 A. 716; Sperling v. Euclid B. & L. Assn., 308 Pa. 143, 162 A. 201; Weinroth v. Homer B. & L. Assn., 310 Pa. 265, 165 A. 28; Educational Society of Yozgad, Inc. v. Gordon, 310 Pa. 470, 166 A. 499; Nice Ball Bearing Co. v. Mortgage B. & L. Assn., 310 Pa. 560, 166 A. 239.

When once the association is in course of liquidation or dissolution, the rights of its creditors and shareholders should be protected by the court, where it is in a position to do so, against any preference or advantage in favor of one not legally entitled to claim or enforce it; and this is so irrespective of whether the defendant association or its liquidating trustees, or receivers, may have been as diligent, or as definite, as they should have been in moving for their protection.

In the present case the claim of the plaintiff arose by reason of his being a shareholder of the old Homer Building & Loan Association. His rights as against the assets and property of that association were subordinate to the rights of the creditors of that association, both preferred and ordinary. By not assenting to the merger of the old Homer Building & Loan Association and the Second Homer Building & Loan Association, into the consolidated or merged Homer Build-

ing & Loan Association,—the present defendant,—he became a creditor of the new or merged association; but his action in refusing to assent to the merger could not give him equality of right with—and certainly no preference over—creditors of the old Homer Building & Loan Association whose rights were superior to his when the merger was effected. And the mere fact that he proceeded by action and secured a judgment should give him no preference or advantage over other non-assenting shareholders—if any—of the old Homer Building & Loan Association, who also became creditors of the new or merged association on an equality with him. See Fidelity & Casualty Co. v. American Surety Co., 313 Pa. 145 as to the preservation of the priority of creditors, against their respective funds, on the merger of two or more corporations.

If plaintiff is permitted to issue execution and recover his judgment he may secure a preference over creditors having superior rights to his, and over other creditors in the same class with himself; while in the orderly liquidation and distribution by the liquidating trustee under the control and direction of the court, the rights of all including this plaintiff will be observed and protected. If the liquidating trustee acts illegally in the distribution of the assets of the association, he may be restrained by the court on cause shown; and his bond will protect those injured thereby.

We are of opinion that in the circumstances here shown the plaintiff should not be permitted to reap any undue preference or advantage, and that the execution should be stayed until the court is satisfied that its issuance will not have that effect.

The order is reversed and execution is directed to be stayed until the court is satisfied that such process will do no injury to creditors of the old Homer Building & Loan Association, whose claims were in existence when the merger was effected, or other creditors

of the new or consolidated Homer Building & Loan Association—the defendant—whose status is on an equality with plaintiff.