## Commuters Building and Loan Association Case.

Argued December 19, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FIELD, PARKER and RHODES, JJ.

*Maurice A. Granatoor,* for appellant.

*Sylvan H. Hirsch,* with him *Herbert .P. Sundheim,*

522

Special Deputy Attorneys General, and *Guy K. Bard,* Attorney General, for appellee.

OPINION BY KELLER, P. J., March 3, 1939:

This case is ruled in principle by *Yonah Building and Loan Association Case,* 133 Pa. Superior Ct. 376, 3 A. 2d 49. The relation of the appellant as a stockholder in the Commuters Building & Loan Association was terminated over three years before the Secretary of Banking took possession of the association because of its insolvency. It was admitted that on April 8, 1932, when the appellant ceased to be a stockholder,[1] the association was solvent. It was not shown that the subsequent insolvency was due to losses on investments made while appellant was a stockholder. Hence under the ruling in the *Yonah Building & Loan Assn. Case,* on distribution of the assets of the insolvent building and loan association, plaintiff was entitled to a preference over the claims of those who remained stockholders of the association when it was taken over by the Secretary of Banking because of its insolvency, and who, by their representatives were responsible for the losses which brought about the insolvency of the association. To this extent the contention of the appellant must be sustained.

But he goes further and claims a like preference over other stockholders who withdrew from the association while it was still solvent and who were not responsible for the insolvency which arose from subsequent bad investments. His position is that because his stock was *cancelled* by the association because of his defaults in making payments on his monthly dues and on the monthly interest, etc., payable on his loans, he secured

---

[1] Accordingly, the Act of May 15, 1933, P. L. 565, as amended by Act of July 2, 1935, P. L. 525, governing the distribution of the assets of building and loan associations, did not apply: *Treigle v. Acme Homestead Assn.,* 297 U. S. 189; *Yonah B. & L. Case,* supra.

a higher standing than stockholders who were in no default but who voluntarily withdrew from the association while it was solvent. The position is not sound.

The decisions are clear that on the distribution of the assets of a building and loan association, creditors, whose claims did not arise from the ownership of stock in the association, are entitled to be paid before 'creditors' whose claims arose out of ownership of stock; and that no preference exists among the claims of stockholders, except that where stockholders have withdrawn from the association while it is solvent and it subsequently becomes insolvent because of losses on investments made after such withdrawals, such stockholders occupy a position as 'creditors' superior to non-withdrawing stockholders, who by their representatives in charge of the association brought about its insolvency; and that it makes no difference whether the withdrawal was the voluntary act of the stockholder or was the result of a cancellation of his stock by the association because of his default in paying the dues and making interest payments which he was obligated to make under his contract with the association: *Williams v. Wenger,* 319 Pa. 73, 79, 179 A. 242. Certainly a stockholder, who has defaulted in making his payments to such an extent as to justify the cancellation of his stock, should obtain no advantage over a withdrawing stockholder who is not in default. See *Folsom B. & L. Assn. v. Gogel,* 24 Pa. Superior Ct. 539.

This principle of equality among former stockholders of solvent building and loan associations has been expressed many times in the decisions. See *Yonah B. & L. Assn. Case,* supra, p. 54 of the Atlantic Reporter, p. 386 of the Superior Court Reports; *Sharps v. Homer B. & L. Assn.,* 111 Pa. Superior Ct. 556, 559, 560, 561, 170 A. 353; *Weinroth v. Homer B. & L. Assn.,* 310 Pa. 265, 273, 274, 275, 165 A. 28; *Publicker v. Pottash B. & L. Assn.,* 104 Pa. Superior Ct. 530, 532, 159 A. 58; *Morris Resnick B. & L. Assn. v. Barnes,* 108 Pa. Superior Ct. 218, 226,

164 A. 358; *Rosenblatt v. Potential B. & L. Assn.*, 110 Pa. Superior Ct. 466, 469, 169 A. 24; *Friedman v. B. & L. Assn.*, 120 Pa. Superior Ct. 604, 608, 182 A. 792. The term 'creditor' when used in connection with one whose claim arises out of ownership of stock in a building and loan association, whether by reason of cancellation or withdrawal, is given a limited and restricted meaning, subordinate to a creditor whose claim did not arise from ownership of stock.

The order is reversed to the extent indicated in this opinion and the record is remitted to the court below with directions to make distribution of the fund in accordance with the views herein expressed. Costs to be paid out of the fund.