## In re Hilltop Building & Loan Association

*John J. Stetser*, for Secretary of Banking.
*George Howard Marker*, for exceptant.

BROOMALL, J., March 16, 1939.—The Secretary of Banking, as receiver, took possession of the Hilltop Building & Loan Association, Llanerch, Delaware County, on December 5, 1935. He filed a first and partial account on April 22, 1938, to which exceptions were filed on May 6, 1938, by Norman Snyder, assignee of James Meli, a shareholder. A hearing on the exceptions was held on September 21, 1938, with argument before the court in banc on November 15, 1938.

It appears that on July 11, 1933, James Meli was the owner of free shares in said association having a paid-in value of $144.40, on which date he gave notice of withdrawal. It is agreed the association was solvent at that time. In September 1936, Meli assigned all his right, title, and interest in said shares to Norman Snyder, the exceptant. The account as filed gave the items in dispute the status of a shareholder while exceptant is asking for a preference over the stockholders.

The question involved is fully stated by counsel for the secretary, namely: "Where a shareholder has given

notice of withdrawal to a building and loan association, at a time when such association is solvent, and later that association is taken over by the banking department, pursuant to the provisions of the Department of Banking Code of May 15, 1933, P. L. 565, for the purpose of liquidation, is such a shareholder entitled to a preferred claim in the distribution of the assets of said association?"

Adjudication of the first and partial account of the secretary was filed by this court on October 21, 1938, with the exception of this account. Under article X, sec. 1011, of the Department of Banking Code, supra, as amended by the Acts of July 2, 1935, P. L. 525, and April 22, 1937, P. L. 337, 71 PS Supp. §733-1011, the status of exceptant is that of a general shareholder, and from an analysis of the cases cited by exceptant we must hold that his claim for preference cannot be allowed.

The shareholder gave notice of withdrawal of the shares in question on July 11, 1933, eight days after the effective date, namely, July 3, 1933, of the Building and Loan Code of May 5, 1933, P. L. 457, 15 PS §1074. Section 612B of that act provides that "a withdrawal shall become effective thirty days after presentation by the shareholder of the written notice". The shareholder was therefore subject to the provisions of the Building and Loan Code, supra, at the time the notice was given, as set forth in section 3, and not within section 4, the saving clause, which provides that it "shall not affect any act done, liability, duty or obligation incurred, or right accrued", prior to its effective date: Malis v. Homer B. & L. Assn., 314 Pa. 321, 323. Here there is no question of set-off on a loan to the shareholder nor the merger of the association with another.

There is now pending in our Superior Court (no. 80, October term, 1938) *, an appeal from the decision of Judge Edwin O. Lewis in the matter of The Yonah

---

* Since decided by the Superior Court and reported in 133 Pa. Superior Ct. 376.

Building & Loan Association, in the hands of the Secretary of Banking as receiver (C. P. No. 2, Philadelphia County, no. 5987, June term, 1935), holding that a shareholder in a building and loan association, who had given notice of withdrawal prior to the effective date of the Building and Loan Code and recovered a judgment after its effective date, is bound by the provisions of the Department of Banking Code upon distribution of a fund in the hands of the secretary as receiver. While Judge Lewis has written a full and comprehensive opinion in this matter, we refrain from commenting on it because of the pending appeal.

However, regardless of what the decision in that case may be on a notice given prior to the effective date of the Building and Loan Code, the Department of Banking Code, supra, became effective on the same date and clause B of section 1011 thereof sets forth the order of payment in liquidating the assets of building and loan associations. The first payments out of the fund to be for any expenditure made by the secretary as receiver, then second for any fee or other debt owing to the department, any claim of the Commonwealth and "any other claim which is given a preference by law", third, "Any claim of a creditor of the association, other than the claim of a shareholder arising from his ownership of shares", and fourth, "Any claim of a shareholder . . . ". By the amendment of 1935, supra, there is added a condition to the fourth class inter alia, "whether or not notice of withdrawal of such shares has been given to the association".

It is clear in considering both of the above-mentioned codes that the status of the shareholder in the instant matter is governed by them, and the rights of exceptant, who was the assignee of the original shareholder, rise no higher. It is significant that the original Department of Banking Code in fixing the order of distribution in the third class excluded the claim of any shareholder arising from his ownership of shares, and that

the subsequent amendment in 1935, providing that the claim of a shareholder reduced to judgment is not entitled to a preference, was simply declaratory of the law as it existed at that time. See Malis v. Homer B. & L. Assn., supra, at page 324.

The fact that the Building and Loan Code provides that notice of withdrawal shall become effective 30 days after presentation does not mean that the shareholder becomes a creditor. What it means is that he may then pursue any legal remedy he has to collect and at the most is relieved of any liability as a shareholder for future debts or subsequent contracts of the association. If his claim is not liquidated, and the association, as here, being solvent at the time notice was given, passes into the hands of the Secretary of Banking as receiver for liquidation, his rights, as far as distribution is concerned, are fixed by the Department of Banking Code and he is not entitled thereunder to a preference either under the law or as a creditor.

And now, to wit, March 16, 1939, the exceptions of Norman Snyder, assignee of James Meli, are dismissed and his claim for preference is not allowed. Distribution is ordered in accordance with the first and partial account of the secretary as receiver as filed April 22, 1938.

*Opinion sur reargument*

BROOMALL, J., June 30, 1939.—Exceptant presented a petition for reargument on his exceptions, which was allowed with a stay of proceedings and the reargument was held before the court in banc. The earnestness of exceptant in presenting the issue is well calculated to indicate that the writer of the opinion of the court erred in the order dismissing the exceptions. We have therefore carefully reconsidered the opinion filed but we must, under the law as we view it, affirm our original order.

The question is new. Counsel has not nor have we, by our independent search, discovered a case where, as

here, the notice of withdrawal was given after July 3, 1933, the effective date of the Building and Loan Code of May 5, 1933, P. L. 457, 15 PS §1074-1 et seq., and the Department of Banking Code of May 15, 1933, P. L. 565, 71 PS §733-1011. The notice having been given after that date, to wit, on July 11, 1933, it is conceded that exceptant is bound by the provisions of both codes and especially by clause B of the latter relating to the distribution of the assets of building and loan associations in liquidation by the Secretary of Banking as receiver.

It is argued that the case of Glenwood-Progressive Building & Loan Association Case, 129 Pa. Superior Ct. 249, decides the issue in favor of exceptant. Any confusion of that case with the instant case is because of the failure to consider the dates of the notices of withdrawal. They were given in 1929 and the rights of claimants there were fixed as far as withdrawals were concerned prior to the Building and Loan and Department of Banking Codes of 1933, supra. In the instant case exceptant is bound by the provisions of the Building and Loan Code of 1933 and he acquired no rights under any prior act by the saving clause. (Art. 1, sec. 4B, 15 PS §1074-4.)

It is also urged that Yonah Building & Loan Association Case, 133 Pa. Superior Ct. 376, is identical with the case at bar except that the notice of withdrawal was given prior to the effective date of the Building and Loan Code of 1933. The date of the notice of withdrawal must be noted as the basis for our conclusion in the instant case. In the Yonah case the notice was given long prior to the passage of the Building and Loan and the Department of Banking Codes of 1933, and it was followed by Commuters Building and Loan Association Case, 134 Pa. Superior Ct. 520, where claimant ceased to be a shareholder on April 8, 1932. All the cases referred to in these decisions are under facts which do

464

not bring them within the provisions of the Building and Loan or the Department of Banking Code of 1933.

Since the argument we notice the cases of Mortgage B. & L. Assn., 334 Pa. 81, and In re Eminent-East Logan B. & L. Assn., 34 D. & C. 676. In each it will be noted that the rights of the shareholders were determined under facts occurring prior to the effective dates of the Building and Loan and Department of Banking Codes of 1933. In the mortgage case the rights of the parties were fixed as of February 9, 1933, when receivers were appointed by the Federal court. On February 17, 1933, the secretary filed a certificate of possession but owing to litigation, Pennsylvania v. Williams et al., Receivers, 294 U. S. 176, the secretary did not take physical possession until March 28, 1935. The opinion specifically calls attention (note 8, p. 90), to the fact that the subsequently enacted Department of Banking Code of 1933 does not govern the priorities in that case. The Eminent-East Logan case involved rights vested prior to the effective date of the Building and Loan and Department of Banking Codes of 1933. There the court held that such rights could not be altered by subsequent legislation, citing Treigle v. Acme Homestead Assn., 297 U. S. 189.

It is also argued that the amendment to the fourth paragraph of section 1011$B$, of the Department of Banking Code of 1933 by the Act of July 2, 1935, P. L. 525, which inserts the words "whether or not reduced to a judgment" and "and whether or not notice of withdrawal of such shares has been given to the association", does not apply to exceptant because it was passed after the notice of withdrawal was given. With this we agree. It does not change our conclusion, however. Exceptant's claim was not reduced to judgment so we are not called upon here to decide whether or not under the Department of Banking Code of 1933 as originally enacted the word "claim" includes a judgment so as to bring

exceptant under clause three of the same section which excludes any participation in that class of the claim of a shareholder arising from his ownership of shares. Nor do the additional words about notice aid claimant since shareholders are excluded from or not mentioned in any of the classifications for distribution except the fourth.

Exceptant admits in his paper book with some reluctance that, if the amendment of 1935 applied, his claim to a preference probably could not be maintained. There is no other classification except the fourth in which to place it. To place exceptant in the second class under the clause "any other claim which is given a preference by law" would be repugnant to classifications three and four and undoubtedly refers only to claims given a preference by law, such as taxes or wages for manual labor and certainly not to the claim of a shareholder. It is clearly not within the third classification as in that the claims of shareholders arising from ownership of shares are specifically excluded. We cannot under the fourth classification allow claimant a preference over other shareholders in that class for under clause 1011C all claims shall have the same rank and priority as every other claim in the same numbered paragraph.

The situation in which exceptant finds himself is similar to proceedings under the National Bankruptcy Act where the creditor has a preferential lien or payment which may not be divested or recovered if the proceedings are not instituted within four months of the date of securing the lien or making the payment. If a shareholder of a building association gives notice of withdrawal under the law as it is now, he may pursue the remedies provided for in the Building and Loan Code of 1933, but if the association goes into liquidation before he secures the amount due him he loses any rights, especially as a creditor, and he must share equally with all other shareholders under the Department of Banking Code of 1933.

Under the Department of Banking Code of 1933 we find a complete method of distribution, which seems to be based upon equitable principles. All questions of solvency or insolvency or notice of withdrawal are eliminated for the purposes of distribution and the moment the secretary, as receiver, takes possession all shareholders lose all preferences which they may have had over each other in any of the assets.

For the reasons stated the original order is affirmed.