## In re Hilltop Building & Loan Association

*John J. Stetser*, for Secretary of Banking.
*George Howard Merker*, for exceptant.

BROOMALL, J., June 30, 1939.—Exceptant presented a petition for reargument on his exceptions, which was allowed with a stay of proceedings and the reargument was held before the court in banc. The earnestness of exceptant in presenting the issue is well calculated to indicate that the writer of the opinion of the court erred in the order dismissing the exceptions. We have therefore

carefully reconsidered the opinion filed but we must, under the law as we view it, affirm our original order.

The question is new. Counsel has not nor have we, by our independent search, discovered a case where, as here, the notice of withdrawal was given after July 3, 1933, the effective date of the Building and Loan Code of May 5, 1933, P. L. 457, 15 PS §1074-1 et seq., and the Department of Banking Code of May 15, 1933, P. L. 565, 71 PS §733-1011. The notice having been given after that date, to wit, on July 11, 1933, it is conceded that exceptant is bound by the provisions of both codes and especially by clause B of the latter relating to the distribution of the assets of building and loan associations in liquidation by the Secretary of Banking as receiver.

It is argued that the case of Glenwood-Progressive B. & L. Assn., 129 Pa. Superior Ct. 249, decides the issue in favor of exceptant. Any confusion of that case with the instant case is because of the failure to consider the dates of the notices of withdrawal. They were given in 1929, and the rights of claimants there were fixed, as far as withdrawals were concerned, prior to the Building and Loan and Department of Banking Codes of 1933, supra. In the instant case, exceptant is bound by the provisions of the Building and Loan Code of 1933, and he acquired no rights under any prior act by the saving clause: Article I, sec. 4B, 15 PS §1074-4.

It is also argued that the case of Yonah B. & L. Assn., 133 Pa. Superior Ct. 376, is identical with the case at bar except that the notice of withdrawal was given prior to the effective date of the Building and Loan Code of 1933. The date of the notice of withdrawal must be noted as the basis for our conclusion in the instant case. In the Yonah case the notice was given long prior to the passage of the Building and Loan and the Department of Banking Codes of 1933, and it was followed by Commuters Building & Loan Association Case, 134 Pa. Superior Ct. 520, where claimant ceased to be a shareholder on April 8, 1932. All the cases referred to in these decisions are

under facts which do not bring them within the provisions of the Building and Loan or the Department of Banking Code of 1933.

Since the argument we notice the cases of Mortgage Building & Loan Association Case, 334 Pa. 81, and In re Eminent-East Logan B. & L. Assn., 34 D. & C. 676. In each it will be noted that the rights of the shareholders were determined under the facts occurring prior to the effective dates of the Building and Loan and Department of Banking Codes of 1933. In the Mortgage Building case the rights of the parties were fixed as of February 9, 1933, when receivers were appointed by the Federal court. On February 17, 1933, the secretary filed a certificate of possession, but owing to litigation: Pennsylvania v. Williams et al., etc., 294 U. S. 176; the secretary did not take physical possession until March 28, 1935. The opinion specifically calls attention (note 8, p. 90) to the fact that the subsequently-enacted Department of Banking Code of 1933 does not govern the priorities in that case. The Eminent-East Logan case involved rights vested prior to the effective date of the Building and Loan and Department of Banking Codes of 1933. There the court held that such rights could not be altered by subsequent legislation, citing Treigle v. Acme Homestead Assn., 297 U. S. 189.

It is also argued that the amendment to the fourth paragraph of section 1011B of the Department of Banking Code of 1933 by the Act of July 2, 1935, P. L. 525, which inserts the words "whether or not reduced to a judgment," and "whether or not notice of withdrawal of such shares has been given to the association" does not apply to exceptant because it was passed after the notice of withdrawal was given. With this we agree. It does not change our conclusion however. Exceptant's claim was not reduced to judgment so we are not called upon here to decide whether or not under the Department of Banking Code of 1933 as originally enacted the word "claim" includes a judgment so as to bring exceptant

under clause three of the same section which excludes any participation in that class of the claim of a shareholder arising from his ownership of shares. Nor do the additional words about notice aid claimant since shareholders are excluded from or not mentioned in any of the classifications for distribution except the fourth.

Exceptant admits in his paper book with some reluctance that if the amendment of 1935 applied his claim to a preference probably could not be maintained. There is no other classification except the fourth in which to place it. To place exceptant in the second class under the clause "any other claim which is given a preference by law," would be repugnant to classifications three and four and, undoubtedly, refers only to claims given a preference by law, such as taxes or wages for manual labor and certainly not to the claim of a shareholder. It is clearly not within the third classification as in that the claims of shareholders arising from ownership of shares are specifically excluded. We cannot under the fourth classification allow claimant a preference over other shareholders in that class for under clause 1011C all claims shall have the same rank and priority as every other claim in the same numbered paragraph.

The situation in which exceptant finds himself is similar to proceedings under the National Bankruptcy Act of July 1, 1898, 30 Stat. at L. 544, as amended, where the creditor has a preferential lien or payment which may not be divested or recovered if the proceedings are not instituted within four months of the date of securing the lien or making the payment. If a shareholder of a building association gives notice of withdrawal under the law as it is now, he may pursue the remedies provided for in the Building and Loan Code of 1933, but if the association goes into liquidation before he secures the amount due him he loses any rights, especially as a creditor, and he must share equally with all other shareholders under the Department of Banking Code of 1933.

Under the Department of Banking Code of 1933 we find a complete method of distribution, which seems to be based upon equitable principles. All questions of solvency or insolvency or notice of withdrawal are eliminated for the purposes of distribution and the moment the secretary, as receiver, takes possession all shareholders lose all preferences which they may have had over each other in any of the assets.

For the reasons stated the original order is affirmed.